IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VERNON MILLER, JR., et al.,

    Plaintiffs,

v.           CIVIL ACTION NO. 2:18-cv-01367

KANAWHA RIVER RAILROAD, L.L.C., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

## I. Introduction

Pending before the court is the plaintiffs' Motion to Remand [ECF No. 6]. For the reasons stated below, the court **FINDS** that removal was proper and **DENIES** the Motion to Remand.

## II. Background

The plaintiffs brought this action in the Circuit Court of Fayette County, West Virginia, seeking to enforce the defendants' alleged obligation to repair and maintain a railroad crossing. The plaintiffs' Complaint alleges that, pursuant to a deed, the defendants "are required to maintain crossings over their railroad tracks to permit Plaintiffs' access to their property." Compl. ¶ 7 [ECF No. 1-2]. The plaintiffs seek specific relief: "that Defendants be ordered to repair, replace and maintain the crossings across their tracks to Plaintiffs' property; that Plaintiffs be awarded

damages for denial of access; and the Court grant such other relief as may be appropriate." *Id.* ¶ 9.

The plaintiffs attached a notarized Stipulation to their Complaint, which states as follows:

> Plaintiffs Vernon Miller, Jr. and Cora Miller, and Attorney for Plaintiffs agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiffs shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

Not. Removal, Ex. B, Stipulation [ECF No. 1-2] at 7. Notwithstanding the plaintiffs' Stipulation, the defendants removed the action to this court, citing diversity jurisdiction under 28 U.S.C. § 1332. The plaintiffs have moved to remand this action to the Circuit Court of Fayette County, West Virginia, arguing that this court lacks subject matter jurisdiction.

### III. Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "A defendant must prove proper jurisdiction by a preponderance of the evidence." *Parsley v. Norfolk & Western Ry. Co.*, No. 3:17-4322, 2018 WL 813158, at *1 (S.D. W.

Va. Feb. 9, 2018). If federal jurisdiction is doubtful, remand is necessary. *Mulcahey*, 29 F.3d at 151.

Removal here is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The parties agree that complete diversity exists between the plaintiffs and the defendants. Thus, the parties' sole dispute is whether the amount in controversy requirement has been met in light of the plaintiffs' Stipulation.

IV. **Discussion**

    a. **Calculation of Amount in Controversy**

"Where a plaintiff does not specify a dollar amount in his prayer for relief, the Court must determine the amount in controversy." *Parsley*, 2018 WL 813158, at *1. In such cases, "[t]he value of the matter in controversy . . . is determined by considering the judgment that would be entered if plaintiff prevailed on the merits." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936–37. (S.D. W. Va. 1996). In calculating the amount in controversy, the court may consider the entire record. *Rabel v. Huntington Nat'l Bank*, No. 2:14-cv-25818, 2015 WL 3540660, at *4 (S.D. W. Va. June 4, 2015).

In actions seeking injunctive or declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."

3

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Thus, in this case, the court should consider not only the monetary damages that the plaintiffs seek, "but also the cost to the defendant of complying with any prospective equitable relief." *Keith v. Clarke Am. Checks, Inc.*, 261 F. Supp. 2d 419, 422 (W.D.N.C. 2003).

Here, the plaintiffs seek three specific forms of relief that carry monetary value for purposes of calculating the amount in controversy. First, the plaintiffs seek equitable relief in the form of an order requiring the defendants to repair and replace the railroad crossings. Compl. ¶ 9. Second, the plaintiffs seek equitable relief in the form of an order requiring the defendants to "maintain" the railroad crossings. *Id.* Last, the plaintiffs seek an unspecified award of damages for denial of access. *Id.*

While the plaintiffs did not state a sum certain in their Complaint, Defendant Norfolk Southern Railway Company ("NSRC") has provided the court with evidence as to the costs of complying with the plaintiffs' requested equitable relief. NSRC's Division Engineer, who is charged with overseeing the construction and maintenance of railroad crossings, provided a sworn statement by affidavit [ECF No. 1-4], submitted with NSRC's Notice of Removal. According to the Division Engineer, constructing the railroad crossing as the plaintiffs request would cost between $24,000 and $26,400. Aff. of James Erickson [ECF No. 1-4] at 1. Moreover, the crossing would need to be replaced at a cost of $24,000 to $26,400 every five years, and routine maintenance would cost at least $300 annually. *Id.* at 2. As NSRC notes in its Notice of Removal, the plaintiffs request that the crossings be maintained

4

indefinitely. *See* Compl. ¶ 9 ("Wherefore Plaintiffs pray that Defendants be ordered to . . . maintain the crossings across their tracks . . . ."). Therefore, taken as a whole, the costs of repairing, replacing, and maintaining the crossing over time equal a sum well in excess of $75,000. *See Parsley*, 2018 WL 813158, at *1–2 (finding the amount in controversy requirement met based on an affidavit from Mr. Erickson stating construction and maintenance costs where the plaintiff demanded that the defendant replace and forever maintain a railroad crossing). Thus, absent a limitation on the plaintiffs' potential recovery, the amount in controversy is greater than the jurisdictional requirement based on the plaintiffs' requests for equitable relief, alone.

### b. Effect of Stipulation

The plaintiffs argue that because they have stipulated that they will accept no more than $75,000 in this case, the jurisdictional amount is not met. The court disagrees and finds that the Stipulation does not limit the plaintiffs' recovery below the jurisdictional amount.

"There is no dispute that in this district a plaintiff may attempt to defeat diversity jurisdiction in this Court by entering into a unilateral binding stipulation limiting its recovery to an amount lower than the jurisdictional requirement provided for by 28 U.S.C. § 1332." *Bailey v. SLM Corp.*, No. 5:11-cv-00715, 2012 WL 1598059, at *5 (S.D. W. Va. May 7, 2012). To limit the amount in controversy for jurisdictional purposes, the stipulation must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*,

147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001). Further, "[t]he stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." *Id.* at 486.

Here, the Stipulation satisfies many of the *McCoy* requirements. It was signed by the plaintiffs and their counsel, filed contemporaneously with the Complaint, and notarized. *See* Stipulation [ECF No. 1-2] at 7. However, the Stipulation is deficient insofar as it fails to explicitly limit the plaintiffs' potential recovery at or below $75,000. The Stipulation states that "the Plaintiffs shall neither seek nor accept an amount greater than $75,000.00 in this case." *Id.* But it does not specify whether it encompasses both damages and equitable relief. *See Rabel*, 2015 WL 3540660, at *7 (finding a stipulation insufficient to limit the plaintiff's potential recovery below the jurisdictional amount because it did not specify whether it encompassed both damages and equitable relief); *cf. Bohigian v. Flagstar Bank, FSB*, No. 1:11CV181, 2012 WL 112322, at *4 (N.D. W. Va. Jan. 12, 2012) (finding that the plaintiff's stipulation limited the potential recovery where it "specifically include[d] equitable relief in its broad disavowal of damages beyond the jurisdictional threshold"). "Absent an explicit statement that the Stipulation also encompasses equitable relief, the Stipulation only operates to limit [a] [p]laintiff's potential damages recovery." *Rabel*, 2015 WL 3540660, at *7. As noted above, the plaintiffs' requests for equitable relief, alone, exceed the jurisdictional amount. Because the Stipulation does not encompass

6

the value of the plaintiffs' requests for equitable relief, the Stipulation fails to limit the plaintiffs' potential recovery below the jurisdictional requirement.[1]

V. Conclusion

For the foregoing reasons, the court **FINDS** that it has diversity jurisdiction over this matter and that removal was proper. Accordingly, the plaintiffs' Motion to Remand [ECF No. 6] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: December 13, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the Stipulation is also ineffective to defeat diversity jurisdiction because the plaintiffs' Complaint does not contain a sum certain prayer for relief. *See Kittredge v. Navy Fed. Credit Union*, No. 3:15-CV-81 (GROH), 2016 WL 47877, at *3 (N.D. W. Va. Jan. 4, 2016) ("The stipulation would be entirely valid, binding and effective to preclude removal, but for the absence of a sum-certain prayer for relief in the Plaintiffs' state court complaint."); *see also Bailey*, 2012 WL 1598059, at *5 ("Plaintiff failed to include a sum-certain prayer of relief in her complaint . . . In light of this omission, Plaintiff's stipulation does not conform to the standard discussed in *McCoy* and would not be effective to defeat diversity jurisdiction.").

7